IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH R. TOMELLERI,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**RANDY CHAMZUK**<br>**9320-49 STREET**<br>**EDMONTON, ALBERTA T6B 2L7**<br>**CANADA**<br><br>and<br><br>**QUICK DRAW, INC.**<br>**9320-49 STREET**<br>**EDMONTON, ALBERTA T6B 2L7**<br>**CANADA**<br><br>    **Defendants.** | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

    COMES NOW Joseph R. Tomelleri and, for his Complaint against Randy Chamzuk and Quick Draw, Inc., alleges and states as follows:

**JURISDICTION AND VENUE**

    1.  This claim is brought pursuant to 17 U.S.C. § 101, et seq. for copyright infringement, and 17 U.S.C. § 1202, et seq. for removal or alteration of Copyright Management Information.

    2.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that this case arises under the copyright laws of the United States (17 U.S.C. § 101, et seq.)

    3.  Personal jurisdiction in this judicial district over Randy Chamzuk and Quick Draw, Inc. is proper pursuant to 28 U.S.C. §§ 1331, 1338, Fed. R. Civ. P. 4 and K.S.A. § 60-308(b) because they have transacted, or are transacting, business in the State of Kansas in this judicial district.

    4.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b),(c), 1400(a) and K.S.A. § 60-605 including, without limitation, making a license agreement in the State of Kansas, removing property from

Plaintiff without authorization within the state of Kansas, regular solicitation of and conducting business with the residents of this judicial district and purposefully marking and directing their infringing products to residents of this judicial district and the counties therein.

## PARTIES

5. Plaintiff Joseph R. Tomelleri (hereinafter "Plaintiff") is an adult individual and a resident of the State of Kansas.

6. Defendant Quick Draw, Inc. (hereinafter "QDI") is a corporation organized and existing in good standing under the laws of Canada. QDI designs, develops and markets mobile applications for use on various mobile devices operating on Android, iOS and Windows mobile platforms. Such mobile devices include, but are not limited to, iPhones and iPads, manufactured by Apple, and various smartphones and devices operating on the Android mobile platforms.

7. Defendant Randy Chamzuk (hereinafter "Chamzuk") created the mobile applications described herein. Chamzuk is the president and owner of QDI and is a resident of Canada.

8. At all times herein, Chamzuk acted as the agent on behalf of QDI, and QDI and Chamzuk, when appropriate, are collectively referred to herein as "Defendants".

## INTRODUCTORY FACTS

9. Plaintiff is a trained biologist and artist, and has spent most of his working life collecting, studying, and illustrating fish species within North America.

10. Plaintiff's illustrations have been published in several scientific studies, journals, books, magazines, and fish identification guides.

11. Plaintiff is the owner of the website www.americanfishes.com, where his illustrations can be individually purchased.

12. Plaintiff also licenses the use of his illustrations.

13. Plaintiff has illustrated over one thousand (1,000) fish in his career from specimens caught in the wild. Most of those illustrations are maintained in electronic format under a password protected database.

14. Plaintiff has registered his illustrations as copyrights under Title 17 of the United States Code (Copyright Act of 1976), and all other United States laws governing copyrights, under the following registrations:

| | | |
|---|---|---|
| CA0001741737 | VA0000998415 | VA0001786445 |
| TX0003082428 | VA0001151489 | VA0001787182 |
| TX0003082429 | VA0001163619 | VA0001787183 |
| TX0004478574 | VA0001229832 | VA0001787184 |
| TX0005597332 | VA0001291994 | VA0001799485 |
| TX0005639631 | VA0001339459 | VA0001799775 |
| TX0005639632 | VA0001392179 | VA0001799888 |
| TX0005813942 | VA0001673790 | VA0001800740 |
| TX0005998741 | VA0001743819 | VA0001814563 |
| TX0006998390 | VA0001779644 | VA0001827025 |
| TX0007020033 | VA0001779953 | VAU000265291 |
| TX0007384205 | VA0001779955 | VAU001066848 |
| TX0007431958 | VA0001783041 | VAU001089450 |
| V0001645962 | VA0001784738 | |

15. The illustrations of Plaintiff upon which Defendants have infringed are registered under one or more of the registrations listed in the preceding averment.

16. Plaintiff is the sole owner and proprietor of all right, title and interest in and to the illustrations.

17. Defendants own and/or operate internet websites including, but not limited to, those with the following Uniform Resource Locators ("URLs"): www.qdigroup.net, www.ifishusa.com, www.ifishsask.com, www.ifishmagazine.com, www.ifishalberta.com, www.ifishontario.com, www.ifisharkansas.com, www.ifishmagazine.com, www.ifishmississippi.com, www.theappdoor.com, www.appsforanglers.com, and many other websites under the "www.ifish" name where it describes the services it offers and solicits business.

18. Defendants design, develop and/or sell mobile applications on its websites under the name "iFish".

19. The applications provide an angler with the ability to identify a fish species present in certain locations.

20. The applications use Plaintiff's illustrations in connection with identifying each of the particular fish species.

21. In connection with those applications, Chamzuk, in the Summer of 2010, contacted Plaintiff and

3

licensed the use of twenty-five (25) illustrations for the limited purpose of developing the "ifishalberta" application.

22. The licensed used occurred by Plaintiff providing to Chamzuk a private password that allowed Chamzuk to access Plaintiff's online database, www.fishmatrix.net, for Chamzuk to choose twenty-five (25) illustrations and download high resolution copies of the images authorized by Plaintiff for use only in the "ifish Alberta" application.

23. Chamzuk paid Plaintiff for the use of twenty-five (25) images by credit card.

24. An example of one of the applications using one of Plaintiff's illustrations is attached hereto marked **EXHIBIT A** and incorporated by reference herein.

25. This use is an infringing one because the license is limited to the "ifishalberta" application.

26. In late Summer of 2011, Chamzuk again contacted Plaintiff to ask questions about licensing additional illustrations for use in a fishing application targeting all of Canada.

27. Plaintiff provided Chamzuk with a quote for the price per image for Chamzuk's use of Plaintiff's illustrations in an application that would cover all of Canada.

28. Chamzuk further explained to Plaintiff that Chamzuk did not know how many of Plaintiff's illustrations Chamzuk would need and Chamzuk again asked Plaintiff for access to Plaintiff's online database, www.fishmatrix.net.

29. Plaintiff then provided Chamzuk a new password so that Chamzuk could view images of Plaintiff's illustrations that Chamzuk might want to use in the application.

30. Some time passed and Chamzuk never advised Plaintiff of Chamzuk's intent to license the use of any more illustrations of Plaintiff, in addition to those Chamzuk had purchased in 2010.

31. On September 4, 2011, Plaintiff discovered that Defendants were using, without Plaintiff's consent, forty-seven (47) of Plaintiff's illustrations in ifishOntario, ifishSaskatchewan and ifishBC. A list of Plaintiff's illustrations upon which Defendants have infringed along with their respective registration information is attached hereto marked **EXHIBIT B** and incorporated by reference herein.

32. After September 4, 2011, Plaintiff further discovered not only that Defendants were using,

without Plaintiff's consent, more than twenty-five (25) of Plaintiff's illustrations, but also were using Plaintiff's illustrations in additional applications or advertisements for ifishKansas, ifishmagazine, ifishUSA, ifishTexas and other apps for each of the continental United States.

33. By Defendants' unauthorized use of Plaintiff's illustrations in their iFish application, Defendants have facilitated the broad scale infringing use and dissemination of Plaintiff's illustrations.

34. Defendants use of Plaintiff's illustrations omit the copyright notice appearing on Plaintiff's website, and no attribution is given to Plaintiff in any of Defendants' applications, nor is attribution given to Plaintiff on any of Defendants' aforementioned websites.

35. Plaintiff's copyrights in the above-described illustrations are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

36. Defendants know that they are exceeding the authority granted under the license agreement made with Plaintiff and Defendants.

CAUSES OF ACTION

COUNT I
DIRECT INFRINGEMENT · QDI

37. Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

38. QDI has infringed upon Plaintiff's copyrights in Plaintiff's illustrations by downloading, copying, reproducing, and displaying unauthorized copies thereof within the United States of America in violation of 17 U.S.C. § 101, et. seq.

39. Such infringements were either non-willful, or alternatively, they were committed willfully.

40. QDI has infringed upon Plaintiff's copyrights in Plaintiff's illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America.

41. As a result of QDI's above-described acts of copyright infringement, Plaintiff has sustained damages including, but not limited to, lost licensing revenue in an amount not yet ascertained, and QDI has earned

profits that should be disgorged to Plaintiff or, alternatively, QDI is liable for statutory damages and the remedies available under 17 U.S.C. §§ 502, 503, 504, 505 and 1203, including, but not limited to, attorneys' fees.

## COUNT II
## DIRECT INFRINGEMENT · CHAMZUK

42.  Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

43.  Chamzuk has infringed upon Plaintiff's copyrights in Plaintiff's illustrations by the downloading, copying, reproducing, and displaying unauthorized copies thereof within the United States of America.

44.  Chamzuk has infringed upon Plaintiff's copyrights in Plaintiff's illustrations by Chamzuk's offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 101, et seq.

45.  Chamzuk's infringements were either non-willful, or alternatively, they were committed willfully.

46.  As a result of Chamzuk's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Chamzuk has earned profits that should be disgorged to Plaintiff or, alternatively, is liable for statutory damages and the remedies available under 17 U.S.C. §§ 502, 503, 504, 505 and 1203, including, without limitation, attorneys' fees.

## COUNT III
## DIRECT INFRINGEMENT - JOINT & SEVERAL LIABILITY · QDI AND CHAMZUK

47.  Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

48.  Defendants acting together for a common goal have infringed upon Plaintiff's copyrights in Plaintiff's illustrations by downloading, copying, reproducing, and displaying unauthorized copies thereof within the United States of America in violation of 17 U.S.C. § 101, et seq.

49.  Defendants acting together for a common goal have infringed upon Plaintiff's copyrights in Plaintiff's illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America.

50. Defendants' such infringements were either non-willful, or alternatively, they were committed willfully.

51. As a result of Defendants' above-described acts of copyright infringement, Plaintiff has sustained damages including, but not limited to, lost licensing revenue in an amount not yet ascertained, and Defendants have earned profits that should be disgorged to Plaintiff or, alternatively, is liable for statutory damages and the remedies available under 17 U.S.C. §§ 502, 503, 504, 505 and 1203, including, without limitation, attorneys' fees.

## COUNT IV
## INJUNCTIVE RELIEF · AGAINST QDI AND CHAMZUK

52. Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

53. Defendants' acts described herein have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill.

54. Plaintiff has no other adequate remedy at law.

55. By reason of Defendants' acts described herein, Plaintiff is entitled to injunctive relief against Chamzuk and QDI restraining further acts of infringement and of violations and attorneys' fees incurred herein.

## REQUEST FOR RELIEF

Plaintiff Joseph R. Tomelleri respectfully requests judgment against Defendants Randy Chamzuk and Quick Draw, Inc., jointly and severally, for:

A. Actual damages sustained by Plaintiff plus all of Defendants' direct and indirect profits attributable to the infringements described herein not otherwise included in Plaintiff's actual damages;

B. Alternatively, statutory damages up to Thirty Thousand Dollars ($30,000.00) for all Defendants' non-willful infringements, and up to One Hundred Fifty Thousand Dollars ($150,000.00) for each willful act of infringement described herein, jointly and severally, from Defendants;

C. Plaintiff's attorneys' fees, expenses and court costs;

D. Interest from the date of each infringement described herein at the highest lawful rate;

E. Defendants, their agents, employees, and/or servants, to be enjoined, pendent lite and

permanently, from infringing upon Plaintiff's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing, Plaintiff's illustrations, and from further engaging in any form of copyright infringement regarding Plaintiff's illustrations;

F. Defendants to be required to immediately search all Defendants' websites, including but not limited to, their QDI, ifish, theappdoor, and appsforanglers websites, and that Defendants immediately search their sales archives for infringing copies of Plaintiff's illustrations, and deliver them up, under oath, for impounding during the pendency of this action, and for destruction thereafter, of all images that infringe upon Plaintiff's copyrights including, but not limited to, photographs, digital images, and all other articles by means of which such infringing copies may be produced, and/or which are in the possession of, and/or under the direct or indirect control of Defendants;

G. Defendants to be required to prospectively police all of its websites and applications, and to remove all infringing copies of Plaintiff's copyrighted illustrations on an ongoing basis;

H. Defendants to account for all gains, profits, and advantages derived by Defendants as a result of the infringements described herein;

I. Plaintiff's costs, and

J. All such other and further relief as this Court deem proper and just.

**PLAINTIFF JOSEPH R. TOMELLERI RESPECTFULLY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

MUSTOE LAW FIRM, LLC

s/ Steven H. Mustoe
Steven H. Mustoe, KS Bar No. 15212
US Bank Building, 2nd Floor
5100 W 95th Street, Suite 260
Prairie Village, KS 66207-3378
T: 913.440.0004 | F: 913.341.2293
E: smustoe@mustoelawfirm.com
ATTORNEYS FOR PLAINTIFF