## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH R. TOMELLERI,**

       **Plaintiff,**

v.

**QUICK DRAW, INC.,**

       **Defendant.**

Case No.:   2:14-cv-02441-CM-JPO

## MEMORANDUM AND ORDER

Plaintiff Joseph R. Tomelleri (hereinafter "Plaintiff") and Defendant Quick Draw, Inc. (hereinafter "Defendant") (hereinafter collectively referred to as the "Parties"), appear before the Court for a trial of this matter. The Parties have waived the right to a jury trial, and under the terms of have further consented to a trial of this matter to the court. All other parties in the case have or will be dismissed from this case by separate order.

Plaintiff appears in person and through his attorney Steven H. Mustoe of the Mustoe Law Firm, LLC. Defendant appears only through its attorney Kate E. Hart of Denton US, LLP. Under the terms of a settlement agreement made between these Parties, Defendant will not offer evidence or otherwise oppose Plaintiff's request for judgment.

After receiving the testimony of the parties and other evidence the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff is an adult resident of the State of Kansas. He is 57 years old. He is likely the best fresh water illustrator in at least the United States of America, if not the world. Since 1986, Plaintiff has been using his education and training as a scientist and skill as an artist to create fish illustrations that demonstrate and display, in his opinion, the significant and scientific diagnostic characteristics of a particular fish species. Plaintiff has created

over 1,200 illustrations in his career. Plaintiff licenses the use of the images under certain limited terms and conditions. Plaintiff earns substantial licensing revenues this way.

2. Defendant is a corporation organized and existing in good standing under laws of Canada and is authorized to do business in the State of Kansas. It is subject to the personal and subject matter jurisdiction of this Court.

3. Plaintiff is the owner of certain copyrighted fish illustrations, which were registered with the United States Patent and Trademark Office.

4. Defendant copied forty-seven (47) of Plaintiff's copyrighted illustrations and used forty-six (46) of those illustrations in software applications distributed throughout the United States of America.

5. The number of actual uses of the illustrations is impossible to know but the infringements were extensive and pervasive.

6. Defendant did not have permission to use forty-six (46) of Plaintiff's illustrations.

7. Defendant repeatedly and directly or through its agents, advertised and displayed these illustrations in software applications distributed to every state in the United States of America and perhaps in other areas of the world.

8. The use of Plaintiff's illustrations by Defendant is a violation of Plaintiff's copyrights and has inflicted ("personal or advertising") injury or damage on Plaintiff.

9. The advertising using the forty-six (46) illustrations was intended to attract users to Defendant's website.

10. Plaintiff presented evidence through an expert witness, Robert J. Eckholt, CPA, that Plaintiff's portfolio of illustrations for the life of his copyrights is valued at $4,323,543.00. Every act of infringement on the internet dilutes the value of Plaintiff's copyrights. Furthermore, Defendant has saved more than $460,000.00 by not retaining Plaintiff to independently draw the illustrations. Moreover, Plaintiff earns substantial licensing revenues from his illustrations. Defendant's use of the illustrations to advertise its software applications and other products has damaged and diluted the value of Plaintiff's copyrights substantially but in amounts very difficult to determine. Mr. Eckholt therefore opines that the maximum non-willful statutory award of $30,000.00 for each

work infringed is appropriate. Therefore the total statutory damage request submitted by Plaintiff is $1,380,000.00.

11.     The Court finds Plaintiff's calculation of damages submitted through expert testimony not only uncontroverted but also just.

12.     The Court finds that prejudgment interest rate of ten-percent (10%) under K.S.A. § 16-201 is the proper rate to apply to this case. Using this rate from the date of the infringements results in an interest amount of $378.08 per day. The amount of interest owed on the date of judgment is thus $647,272.96.

13.     The Court has reviewed the affidavit from counsel for Plaintiff and finds that the fees and expenses of $43,677.29 are reasonable.

14.     The Parties have entered into a settlement agreement whereby Plaintiff's collection of this judgment is limited to the applicability of any policy of insurance or other indemnity. The Court finds that agreement is not collusive and that the amount determined hereunder is reasonable.

## CONCLUSIONS OF LAW

Plaintiff requests judgment for Defendant's profits, prejudgment interest on those profits and its attorneys' fees and other costs:

A.      <u>Infringement</u>.

There are two (2) elements to a copyright infringement claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Stockart.com, LLC v. Engle*, 2011 WL 10894610, at *7 (D. Colo. 2011), citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). The plaintiff bears the burden of proof on both elements. *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). Direct proof of copying is often difficult to demonstrate. *See Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996); *Ellis v. Diffie,* 177 F.3d 503, 506 (6th Cir. 1999). Therefore, a plaintiff can indirectly prove copying (in a factual sense) "by establishing that Defendants had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material." *Country Kids 'N City Slicks, Inc.*, 77 F.3d at 1284.

Plaintiff has presented evidence that it owns valid copyrights on forty-seven (47) works and that Defendant copied forty-six (46) of those copyrighted works multiple times. The infringement was not innocent. Therefore, Plaintiff has carried its burden of proof that Defendant copied forty-six (46) of Plaintiff's copyrighted works.

    B.    <u>Damages</u>

    1)    <u>Statutory Damage Election.</u>

An infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits or (2) statutory damages. Plaintiff has elected to recover statutory damages. 17 § U.S.C 504(c)(1). However, Plaintiff introduced substantial evidence of considerable actual damages including the cost that Defendant would incur to recreate the infringed illustrations, the damage to Plaintiff's past and future licensing revenues and Plaintiff's historical examples of licensing revenues. Mr. Eckholt has testified that calculating actual damages in this case is very difficult but that the damage to Plaintiff is real and substantial. Mr. Eckholt further testified that the range of statutory damages in this case would be from $15,000.00 to $30,000.00 for non-willful infringement.

Statutory damages are intended to vindicate the statutory policy of discouraging infringement. *F.W., Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952). There is no limitation within the statutory language of 17 U.S.C. § 504(c)(1). And the court (or jury) has complete discretion to award any damage amount that is just. 17 U.S.C. 504(c)(1). Case law has developed some guidelines for awarding statutory damages. They are: the Defendant's state of mind, the expenses saved by Defendant as a result of the infringement, the amount of damages necessary to determine other infringement. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135 (2d Cir. 2010); *F.W. Woolworth*, 344 U.S. 228; *Video Views, Inc. v. Studio 21, Ltd*, 925 F.2d 1010 (7th Cir. 1991).

    2)    <u>Prejudgment Interest</u>.

Prejudgment interest is recoverable in a copyright case and is ordinarily awarded, absent some justification for withholding it. *Kleier Advertising, Inc. v. Premier Pontiac, Inc*., 921 F.2d 1036, 1041–42 (10th Cir. 1990); *Data Gen. Corp. v. Grumman Sys. Support Corp*., 825 F. Supp. 340, 347 (D. Mass. 1993). The rationale is similar to the recovery of gross profits of the defendant in that plaintiff is entitled to the time value of

money wrongfully retained by the infringement. *In re: Indep. Serv. Org. Antitrust Litig.*, 23 F. Supp. 2d 1242, 1250 (D. Kan. 1998). The Court has discretion regarding the applicable interest rate but the general state prejudgment statutory rate has been approved by other court' addressing this issue. *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 216 F. Supp. 2d 1188 (D. Colo. 2002).

The rate of prejudgment interest in State of Kansas is ten-percent (10%) under K.S.A. § 16-201. The Court adopts this rate of interest as no other rate has been advocated to it and this rate is the presumed economic rate for prejudgment obligations in this state. The interest has been calculated from the first date of infringement discovery on September 4, 2011.

3) <u>Attorneys' Fees</u>.

Costs and reasonable attorneys' fees are recoverable in this case under 17 U.S.C. § 505, which provides that: in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States of America or an officer thereof. Except as otherwise provided by this title, the Court may also award reasonable attorneys' fee to the prevailing party as part of the costs. 17 U.S.C. § 505 (1982). "Although attorneys' fees are awarded in the discretion of the trial court, they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co., Inc. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985) (citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir. 1984).

Courts use the lodestar method to calculate a reasonable attorneys' fees award. *Bell v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 451 F.3d 1097, 1101 (10th Cir. 2006); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is determined by multiplying the number of hours reasonably expended at the reasonable hourly rate for the particular attorney. *Bell*, 451 F.3d at 1101. The district court may then adjust the lodestar upwards or downwards, as necessary. *Id.*; *see also Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974); *Elecs. Capital Corp. v. Sheperd*, 439 F.2d 692 (5th Cir. 1971).

In determining what amount is reasonable, the Court uses the following factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and result obtained; (4) the novelty and difficulty of the issues presented; (5) the fee customarily charged for similar services in the local area; (6) whether the fee was fixed or contingent; (7) the time limitations

imposed by the client or the circumstances ; and (8) the likelihood, if apparent to the client, that the engagement will preclude other employment by the attorney. *Old St. Paul Missionary Baptist Church v. First Nation Ins. Group*, 2010 WL 2609918, at *2 (E.D. Ark. 2010), *Chesapeake Energy Corp. v. TXD Services LP*, 2008 WL 2944927 (W.D. Okla. 2008); *S. Farm Bureau Life Ins. Co. v. Cowger*, 748 S.W. 2d 332, 337 (Ark. 1988) (affirming trial judge's awarding of fee that was nearly but not precisely equal to the attorney's contingency fee amount); *Home Mut. Fire Ins. Co. v. Jones*, 977 S.W. 2d 12, 18 (Ark. App. 1998) (same); *Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 708 (8th Cir. 2002) (affirming an award of $125,000.00 when the district court considered the contingency fee amount of $167,000.00 along with the other relevant factors).

Counsel for Plaintiff has submitted his affidavit evidencing more than (98.9) hours by counsel, forty-six (46) by support staff and $10,591.79 in expenses. Counsel for Plaintiff has over thirty (30) years of trial experience and the Court deems a reasonable rate for this level of work to be $295.00 per hour. However, Counsel for Plaintiff has argued that at least two (2) factors in this case require the Court to increase its fee award to $600.00 per hour. They are 1) the fee in this case is contingent upon success, and 2) there remains considerable work to be done in this case to collect any judgment. The Court disagrees that these factors justify a fee of $600 per hour in this case, and the Court therefore concludes that attorneys' fees and expenses of $43,677.29 are reasonable in this case and should be awarded to the Plaintiff.

**IT IS THEREFORE ORDERED** that judgment is warranted in favor of Plaintiff Joseph R. Tomelleri and against Defendant Quick Draw, Inc. for $1,380,000 in statutory damages, plus $647,272.96 in prejudgment interest and $43,677.29 in attorneys' fees and expenses. Interest shall accrue post judgment on this amount at the rate of $378.08 per day.

| | |
|---|---|
| **May 12, 2016** | **s/ Carlos Murguia** |
| **DATE** | **JUDGE CARLOS MURGIA** |

Submitted by:

Respectfully submitted,

MUSTOE LAW FIRM, LLC

/s/ Steven H. Mustoe
Steven H. Mustoe, KS Bar 15212 | MO Bar 33060
US Bank Building, 2nd Floor
5100 W 95th Street, Suite 260
Prairie Village, KS 66207-3378
T: 913.440.0004 | F: 913.341.2293
E: smustoe@mustoelawfirm.com
ATTORNEYS FOR PLAINTIFF